IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL CASEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>       v.<br><br>LATOYA HUGHES, in her individual capacity and official capacity as the Director of the Illinois Department of Corrections,<br><br>    Defendant. | No. 3:25-cv-1537<br><br>Judge Stephen P. McGlynn |

**FIRST AMENDED COMPLAINT**

Plaintiff Darrell Casey, individually and on behalf of all others similarly situated, through counsel, brings this action against Defendant Latoya Hughes in her individual capacity and her official capacity as the Director of the Illinois Department of Corrections, and alleges as follows:

**Nature of the Case**

1. Plaintiff Darrell Casey is currently imprisoned in the Illinois Department of Corrections ("IDOC") despite having completed his court-ordered sentence of incarceration. Mr. Casey has been statutorily entitled to release from prison on to Mandatory Supervised Release ("MSR") since the Prisoner Review Board ("PRB") entered an order on March 17, 2025, resuming his MSR.

2. Pursuant to IDOC policy, all prisoners must identify a "host site" (*i.e.*, a residential address) at which to reside while on MSR. The Department will not

release imprisoned persons on to MSR unless and until they identify a host site that meets Department approval.

3. Plaintiff remains imprisoned because he is unable to obtain housing that meets the approval of the IDOC. At this time, there are no beds available in halfway houses in the state that will accept an individual convicted of an offense that requires registration on the Murder and Violent Offender Against Youth Registry. Plaintiff is indigent and cannot obtain his own housing outside of prison. The sole reason he is not being released is his inability to obtain housing.

4. Plaintiff contends that the IDOC's policy and practice of not releasing individuals who have completed their terms of imprisonment and been approved by the PRB for release on to MSR but who cannot obtain housing violates the Eighth and Fourteenth Amendments and seeks an injunction prohibiting the Department from continuing to enforce this policy.

5. There are at least two potential ways for the IDOC to meet its constitutional obligations to release persons who have completed their court-ordered terms of imprisonment: (1) release persons on MSR who cannot afford housing into homelessness; or (2) create transitional housing for persons on MSR who cannot afford housing and are not accepted by existing halfway houses.

## Jurisdiction and Venue

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§1331 and 2201.

7.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claims asserted herein occurred in this district.

## The Parties

8.     Defendant Hughes is sued in her official capacity as Director of the Illinois Department of Corrections for injunctive relief. In her capacity as the director of IDOC, Hughes has final authority to set the Department of Corrections' policies with regard to MSR and host sites. Plaintiff Casey also sues Defendant Hughes in her individual capacity for compensatory damages.

9.     Plaintiff Casey is 46 years old. He is currently imprisoned in Vandalia Correctional Center six months beyond the time he was sentenced to serve because he is unable to secure an approved host site.

10.    Mr. Casey seeks to represent a class of all individuals with convictions that require registration on the Murderer and Violent Offender Against Youth Registry who are being detained in prison beyond the time they were sentenced to serve because they cannot obtain a host site at which to live while on MSR.

## Relevant Legal Background

11.    Federal courts in Illinois have held in three different cases that it is unconstitutional to hold an individual in prison beyond the time the individual was sentenced to serve solely because the individual cannot afford to obtain a host site that meets Department approval.

12. First, the plaintiffs in *Murphy v. Raoul,* 16-cv-11471, challenged the constitutionality of the "host site" requirement as applied to individuals with sex offense convictions sentenced to "three years to life" on MSR. The District Court for the Northern District of Illinois certified the case as a class action and on March 31, 2019, granted summary judgment on the plaintiffs' claim that the IDOC's host-site requirement violates the Equal Protection Clause and the Eighth Amendment because the continued imprisonment of individuals who are unable to afford housing "punish[es] the plaintiffs for their indigency and homelessness, matters totally beyond their control." *Murphy v. Raoul*, 380 F. Supp. 3d 731, 756 (N.D. Ill. 2019). Pursuant to a permanent injunction entered in *Murphy*, the Department created a transitional housing program called the Intensive Community Reintegration Program ("ICRP") for persons with sex offense convictions so that members of the class would not be detained in prison beyond the completion of their court-ordered sentences of imprisonment due to an inability to meet the host site requirement.

13. Second, the plaintiffs in *Barnes v. Jeffreys*, 20-cv-2137, challenged the constitutionality of the "One-Per-Address Statute," 730 ILCS 5/3-3-7(a)(7.6), a section of the Illinois Code of Corrections which requires individuals on MSR for sex offenses to "refrain from residing at the same address … with another person he or she knows or reasonably should know is a convicted sex offender." The District Court for the Northern District of Illinois certified the case as a class action and on March 26, 2021, granted summary judgment on the plaintiffs' claim that the One-

4

Per-Address Statute violates the Equal Protection Clause and the Eighth Amendment. The court found that the One-Per-Address Statute put off limits "affordable housing units and residential rehabilitative programs willing and capable of accepting sex offenders" and found that the plaintiffs' "failure to procure an acceptable host site is involuntary conduct inseparable from their indigent or homeless status." *Barnes v. Jeffreys*, 529 F. Supp. 3d 784 (N.D. Ill. 2021).

14.  Finally, the plaintiffs in *Stone v. Jeffreys*, 21-cv-5616, challenged the constitutionality of the "host site" requirement as applied to individuals with sex offense convictions sentenced to determinate periods of MSR. Again, the court certified the case as a class action and on August 30, 2022, granted the plaintiffs a preliminary injunction. *Stone v. Jeffreys*, No. 21 C 5616, 2022 U.S. Dist. LEXIS 180228 (N.D. Ill. Aug. 30, 2022). Pursuant to this injunction, the Department expanded the ICRP to ensure members of the *Stone* class would not be detained in prison beyond the completion of their court-ordered sentence of imprisonment due to an inability to meet the host site requirement.

15.  Based on the decisions in *Murphy*, *Barnes*, and *Stone*, Defendant Hughes knows or should know that it violates the constitution to imprison people beyond the time they are sentenced to serve solely because they are unable to obtain housing. Nonetheless, the IDOC still maintains a policy of refusing to release from custody individuals who cannot obtain their own host sites when halfway house placements are unavailable.

## Facts Relevant to Plaintiff Darrell Casey

16. Plaintiff Darrell Casey (IDOC No. K90496) is currently imprisoned at Vandalia Correctional Center. He was convicted in 2023 of violation of an order of protection and driving on a revoked or suspended license and sentenced to four years in the IDOC and four years on MSR. Due to a past conviction for aggravated battery to a child, he is required to register as a Violent Offender Against Youth pursuant to 730 ILCS 154/1, *et seq*.

17. With credit for time spent in custody pre-trial and statutory sentence credits, Plaintiff Casey completed his sentence of incarceration on June 4, 2024. He was released from IDOC to serve his time on MSR in Centralia, Illinois.

18. While on MSR, Plaintiff Casey obtained a construction job at 5k Construction Services in Centralia, Illinois, earning $15/hour.

19. In February 2025, Plaintiff Casey was temporarily residing in a motel while trying to make improvements on a house to establish a permanent residence. Prior to completing the necessary repairs to make the house a viable place to live, he ran out of funds to keep paying for the motel at which he was temporarily residing and therefore became homeless. On February 3, 2025, Plaintiff Casey was taken back into IDOC custody due to the loss of his host site.

20. After a revocation hearing, the Prisoner Review Board entered an order "resuming" Plaintiff Casey's MSR on March 17, 2025, meaning that his MSR was not revoked and he was legally entitled to continue his MSR in the community, contingent on his finding a host site.

21. Plaintiff Casey remains imprisoned solely because he is unable to meet the host site requirement. Mr. Casey is indigent. He has no family members who are willing or able to assist him with obtaining housing.

22. Based on information obtained from Mr. Brandon Schisler, a counselor at Vandalia Correctional Center, the IDOC's parole reentry group has been unable to identify any halfway house that will accept Mr. Casey due to his status as a registrant.

23. Unless he can find housing, Mr. Casey will be forced to remain in prison until he "maxes out" his four-year MSR term (*i.e.*, serves the entirety of his MSR period in prison), which will occur on December 18, 2026.

24. Mr. Casey does not want to remain in prison during his MSR term and seeks release to the community to complete his period of supervision. He is willing to reside anywhere in the state of Illinois and seeks release even if he is homeless.

## Class Allegations

25. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiff seeks certification of this complaint as a class action for purposes of equitable relief on behalf of a class defined as follows.

- All individuals currently or in the future detained in the Illinois Department of Corrections required to register as a Murderer or Violent Offender Against Youth who have completed their sentences of incarceration and are entitled to release from prison on to MSR, but remain imprisoned because they are unable to secure an approved host site at which to live while on MSR.

26. The class seeks a declaration that the IDOC's policy of continuing to imprison individuals who cannot obtain housing violates the Eighth and Fourteenth

7

Amendments and an injunction prohibiting Defendant from continuing to enforce the policy.

27. The proposed class is numerous. It includes all persons with convictions that require registration as a Murderer or Violent Offender Against Youth who are currently imprisoned in IDOC beyond the time they were sentenced to serve because they are unable to secure a host site and all individuals required to register as a Murderer or Violent Offender Against Youth who will be detained in IDOC past their release dates in the future due to their inability to secure housing.

28. There are questions of law and fact common to all class members, including but not limited to the following:

- What are the IDOC's rationales for refusing to release persons who are unable to secure housing upon their being approved by the PRB for release on to MSR;

- Whether there is any compelling interest served by the IDOC's policy of refusing to release persons who cannot obtain housing on to MSR; and

- Whether the policy and practice of refusing to release on to MSR persons who are unable to obtain housing violates the Eighth and/or Fourteenth Amendments.

29. All individuals falling within the class definition are subject to the same IDOC policy regarding the host site requirement. Given the commonality of the questions pertinent to all class members, a single judgment would provide relief to each member of the class.

30. The named Plaintiff will fairly and adequately represent the interests of the class. He is currently subjected to the challenged policy and is committed to seeing this litigation through on behalf of all persons who are currently or will in

8

the future be subjected to the same policy. The named Plaintiff's claims are typical of the claims of all members of the proposed class.

31. Plaintiff's counsel have extensive experience and have devoted substantial professional and financial resources to representing individuals in cases involving the same type of claim raised here—namely, the *Murphy*, *Barnes*, and *Stone* class actions. Plaintiff's counsel will fairly and adequately represent the interests of the class.

## COUNT I
## 42 U.S.C. §1983 – Eighth Amendment

32. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

33. In *Murphy v. Raoul*, 380 F. Supp. 3d 731, 738 (N.D. Ill. 2019), the Court concluded that it violates the Equal Protection Clause and the Eighth Amendment to incarcerate individuals beyond the completion of their prison sentences solely because they cannot meet the host-site requirement, holding as follows:

> At the very heart of the liberty secured by the separation of powers is freedom from indefinite imprisonment by executive decree. [Defendants'] current application of the host site requirement results in the continued deprivation of the plaintiffs' fundamental rights and therefore contravenes the Eighth and Fourteenth Amendments to the Constitution of the United States.

34. Plaintiff and the members of the proposed class he seeks to represent are similarly situated to the members of the *Murphy* class.

35. As in *Murphy*, the continued imprisonment of the Plaintiff and the members of the proposed class is not a consequence of their underlying offenses but of their indigent or homeless status, conditions wholly beyond their control.

## COUNT II
### 42 U.S.C. §1983 – Fourteenth Amendment

36. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

37. The IDOC's policy and practice of not releasing from custody persons who cannot meet the "host site" requirement after they have completed their sentences of incarceration violates the Fourteenth Amendment in at least two ways:

- It violates the Equal Protection Clause because it creates an illegal classification based on wealth which deprives Plaintiff and others similarly situated of their liberty as a result of their indigency; and

- It violates substantive due process because it deprives Plaintiff and others similarly situated of a fundamental right—*i.e.*, their freedom from bodily restraint—and is not narrowly tailored to serve state interests.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Enter judgment declaring that the IDOC's policy and practice of not releasing persons from prison solely because they are unable to meet the host-site requirement violates the Eighth and Fourteenth Amendments;

B. Enter a permanent injunction prohibiting Defendant from continuing to enforce the policy;

C. Award compensatory damages to Plaintiff Darrell Casey for the harm he has suffered as a result of Defendant's unlawful policy;

D. Enter judgment for reasonable attorneys' fees and costs incurred in bringing this action; and

E. Grant Plaintiff any other relief as law and justice demand.

        Respectfully submitted,

        <u>/s/ Adele D. Nicholas</u>
        <u>/s/ Mark G. Weinberg</u>
        *Counsel for Plaintiff*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net