IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRELL CASEY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LATOYA HUGHES,**<br><br>**Defendant.** | **Case No. 25-cv-01537-SPM** |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion for Class Certification (Doc. 20) filed by Plaintiff Darell Casey pursuant to Federal Rule of Civil Procedure 23(b)(2) and a Motion to Dismiss (Doc. 41) filed by Defendant Latoya Hughes pursuant to Federl Rule of Civil Procedure 12(b)(6).

## Background

Plaintiff Darrell Casey commenced this action *pro se* pursuant to 42 U.S.C. §1983 for violations of the Eighth and Fourteenth Amendments. (Doc. 1). At the time he initiated this lawsuit, Plaintiff was incarcerated at Vandalia Correctional Center, and he asserted that he was being held beyond the length of his sentence. Plaintiff retained counsel and filed the Amended Complaint on September 11, 2025. (Doc. 19). In the Amended Complaint, Plaintiff states that he was convicted in 2023 for violating an order of protection and driving on a revoked or suspended license. Because of a past conviction for aggravated battery to a child, Plaintiff is required to register as a Murderer or Violent Offender Against Youth pursuant to 730 ILCS 154/1, *et seq.* Plaintiff asserts that he completed his sentence of incarceration on June 4, 2024, and he was released from the custody of the Illinois Department of Corrections (IDOC) on mandatory supervised release (MSR). Plaintiff

states that he became homeless in February 2025, and he was taken back into IDOC custody due to the loss of his host site on February 3, 2025.

After a revocation hearing, the Prisoner Review Board entered an order resuming Plaintiff's MSR on March 17, 2025. According to Plaintiff, this means that his MSR was not revoked and he was legally entitled to continue his MSR in the community, contingent on him being able to find a host site.

At the time of filing the Amended Complaint, Plaintiff asserts that remains imprisoned solely because he is unable to meet the host site requirement.[1] He states he is indigent, and he has no family members who are willing or able to assist him with obtaining housing. Additionally, Plaintiff claims that IDOC's parole reentry group has not identified any halfway house that will accept him due to his status as a registrant. Plaintiff argues that unless he can find housing, he will be forced to remain in prison until he "maxes out" his four-year MSR term, which will occur on December 18, 2026. Plaintiff contends that it violates the Constitution to imprison people beyond the time they are sentenced solely because they are unable to obtain housing. He states he does not want to remain in prison during his MSR term and seeks release into the community to complete his period of supervision. Plaintiff sues IDOC Director Latoya Hughes in her individual and official capacities for violations of the Eighth Amendment (Count 1) and the Equal Protection Clause and substantive due process under the Fourteenth Amendment (Count 2). He requests declaratory relief, a permanent injunction, and damages.

Plaintiff also moves to certify this case as a class action. (Doc. 20). As defined in the Amended Complaint and the Motion for Class Certification, the proposed class includes:

> All individuals currently or in the future detained in the Illinois Department of Corrections who are required to register on the Murderer or Violent Offender Against Youth Registry who have completed their sentences of incarceration and

[1] Since filing the Amended Complaint, Plaintiff has been released from prison onto MSR. (Doc. 42, 43).

> are entitled to release from prison on to Mandatory Supervised Release (MSR) but remain imprisoned because they are unable to secure an approved host site at which to live while on MSR.

(Doc. 20, p. 1; Doc. 19, p. 7). Defendant opposes class certification solely on the grounds that Plaintiff is not an "adequate" class representative. (Doc. 42). Plaintiff filed a Reply brief. (Doc. 43). On December 11, 2025, Defendant filed a Motion to Dismiss, which has also been fully briefed. (Doc. 41, 44). Both Motions are now before the Court.

## MOTION FOR CLASS CERTIFICATION

### I. LEGAL STANDARD FOR CLASS CERTIFICATION

A plaintiff seeking to certify a class must satisfy the four requirements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation. *See, e.g., Harper v. Sheriff of Cook Cty.*, 581 F.3d 511, 513 (7th Cir. 2009). In addition to meeting the threshold requirements of Rule 23(a), a plaintiff also must satisfy the requirements of at least one subsection of Rule 23(b). Here, Plaintiffs seek to certify a class under Rule 23(b)(2), and therefore he must show that "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 621 (2011). Finally, the Seventh Circuit has "long recognized an implicit requirement under Rule 23" that a class must be ascertainable, meaning "the class must be defined clearly and that membership be defined by objective criteria." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015).[2]

"Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements, but they need not make that showing to a degree of absolute certainty." *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012) (internal citation omitted). "It is sufficient if each disputed requirement has been proven by a preponderance of evidence." *Messner*,

[2] Because Defendant does not dispute that the class is ascertainable or raise objections to the proposed class definition, the Court finds that Plaintiff has satisfied this requirement.

669 F.3d at 811 (citing *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008)).

## II. Rule 23(a) Requirements

### a. Numerosity

The first requirement of Rule 23(a) is that the proposed class "be so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient." *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002) (citations omitted). *See also Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017). A plaintiff is not required to specify the exact number of persons in the class, nor is a plaintiff required to establish the exact identity of the class members. *See Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989) (citation omitted). In addition to class size, courts consider "the geographic dispersion of the class members, the type of relief sought, and the practicability of relitigating the common core issue, when determining whether joinder would be practicable." *Murry v. E*Trade Fin. Corp.*, 240 F.R.D. 392, 396 (N.D. Ill. 2006) (citations omitted).

Plaintiff states that based on data available from IDOC and the Illinois State Police, there are currently 112 persons who are imprisoned in IDOC on "technical violations" of their MSR and who are on the Murderer and Violent Offender Against Youth Registry. (Doc. 20, p. 4; Doc. 20-1). Plaintiff asserts that without discovery it is not possible to determine the exact number of people within this group who currently meet the class definition. Plaintiff argues, however, that it is reasonable to assume that there are currently more than 40 persons from this group of 112 who are still imprisoned because they are unable to secure a host site, and "a class including more than 40 members generally meets [the numerosity] standard." (Doc. 20, p. 3) (citing *Streeter v. Sheriff of Cook Cnty.,* 256 F.R.D. 609, 612 (N.D. Ill. 2012)). Plaintiff also argues that the proposed class

meets the numerosity requirement because there are an unknown number of future class members—those who will be required to register as a Murderer or Violent Offender Against Youth and will be detained in IDOC past their release date in the future due to their inability to secure housing.

Plaintiff has demonstrated the numerosity requirement. The Court recognizes that "the number of individuals subject to the challenged policy at any one time [may be] small[.]" *Kramer v. Caruana,* No. 25-cv-50166, 2026 WL 1101306, at *4 (N.D. Ill. Apr. 23, 2026). Joinder, however, remains impracticable given "the inherent difficulty in joining future class members and the transitory nature of the class." *Id.* (certifying class action against a county for jail transfer policies that resulted in inmates being held beyond the expiration of their sentences). *See also Ind. Prot. and Advocacy Servs. Comm'n v. Comm'r, Ind. Dep't of Corr.*, No. 8-CV-01317-RLYJMS, 2010 WL 1737821 *1 (S.D. Ind. Apr. 27, 2010) ("both the transient nature of the inmate population and the request for injunctive relief that will also inure to the benefit of future, currently unknowable, class members likewise support a finding that joinder is impracticable"). Defendant does not put forth any arguments contesting the numerosity requirement or otherwise disputing Plaintiff's estimation that the number of individuals encompassed in the proposed class is more than 40. The Court therefore finds that the number of individuals who are and will be subjected to the challenged host-site policy is sufficiently numerous for the purposes of Rule 23(a)(1).

**b. Commonality**

The second requirement of Rule 23(a) is that there is at least one question of law or fact common to the class. FED. R. CIV. P. 23(a)(2). "Although a court need only find a single common question of law or fact, the mere occurrence of all plaintiffs suffering as a result of a violation of the same provision of law is not enough. The claim must depend upon a common contention that is capable of class-wide resolution." *Chi. Tchrs. Union, Local No. 1 v. Bd. of Educ. of City of Chi.*,

797 F.3d 426, 434 (7th Cir. 2015) (citations omitted). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Lippert v. Baldwin,* No. 10-c-4603, 2017 WL 1545672 at *2 (N.D. Ill. Apr. 28, 2017) (quoting *Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 756 (7th Cir. 2014)).

Plaintiff has also satisfied this requirement. Plaintiff asserts that IDOC has a standard, department-wide policy of not releasing individuals from prison on to MSR unless and until they are able to obtain housing that meets IDOC approval. Furthermore, Plaintiff claims "all individuals falling within the class definition are subject to the same policy and are at risk of suffering the same harms—*i.e.,* being incarcerated beyond the time they were sentenced to serve in prison." (Doc. 20, p. 6). The common question of whether such policy violates the Eighth and Fourteenth Amendments is applicable to each member of the proposed class, and "the resolution of that issue is central to the claims of all class members." *Barnes v. Jeffreys,* No. 20 C 2137, 2020 WL 8093500, at *1 (N.D. Ill. July 1, 2020). *See also Orr v. Shicker*, 953 F.3d 490, 499 (7th Cir. 2020) (finding that the common question of "whether the specified policies and practices to which all IDOC inmates are subjected expose them to a substantial risk of harm" met the commonality requirement). Again, Defendant does not put forth any arguments disputing commonality, and Plaintiff has met the requirement.

**c. Typicality**

The third requirement of Rule 23(a) is that the claims of the presentative parties are typical of the claims of the class. FED. R. CIV. P. 23(a)(3). The typicality requirement is meant to ensure that there is "enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Spano v. The Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011). In other words, the named representative's claims must have "the same essential characteristics as the claims of the class at

large." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). It is well-established that typicality is satisfied if the named representative's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [the] claims are based on the same legal theory." *Oshana*, 472 F.3d at 514 (quoting *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992)); *De La Fuente,* 713 F.2d at 232.

Plaintiff challenges an IDOC policy that resulted in his imprisonment beyond his release date because he was unable to secure an approved host site, and the proposed class challenge and are harmed by the application of the same policy. Plaintiff's claims are no different than any other class member. Defendant does not oppose Plaintiff's assertions regarding the typicality requirement, and the Court finds the typicality requirement satisfied.

**d. Adequacy**

Adequacy is a two-part inquiry: "(1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). Defendant does not challenge the adequacy of class counsel, and the Court has no reason to believe they are not qualified. Therefore, the Court will only analyze whether the named Plaintiff is an adequate representative of the class.

Defendant opposes the Motion for Class Certification solely based on Plaintiff's failure to establish that he is an adequate representative of the proposed class. (Doc. 42, pp. 3–4). Defendant states that Plaintiff was released from Vandalia Correctional Center on MSR on September 25, 2025. (*Id.* at p. 4). She argues that because Plaintiff is no longer incarcerated, his requests for equitable relief are moot, and he no longer shares the same interests as the class he seeks to represent. (*Id.* at p. 4, 7). Defendant concludes that since Plaintiff's interests and the proposed

classes' interests are no longer aligned, he is not an adequate class representative. Plaintiff, in his reply brief, argues that he remains an adequate class representative despite his release because of the inherently transitory exception. (Doc. 43, p. 1). The Court agrees.

"Normally a class action would be moot if no named class representative with an unexpired claim remained at the time of class certification." *United States v. Sanchez-Gomez,* 584 U.S. 381, 386 (2018) (citations omitted). There is, however, an "exception to the mootness doctrine in class actions for claims that are 'so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.'" *Hawkins v. Lutheran Soc. Servs. Of Wisc.,* No. 20-cv-352-jdp, 2021 WL 2443741, at *6 (W.D. Wisc. June 15, 2021) (quoting *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 399 (1980)). This inherently transitory exception applies where "(1) it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class; and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint." *Westmoreland v. Hughes,* 144 F.4th 952, 955 (7th Cir. 2025) (quoting *Olson v. Brown,* 594 F.3d 577, 582 (7th Cir. 2010)). "If both these criteria are met, a named plaintiff who was a member of the class at the time the complaint was filed will be 'related back' to the class." *Robillard v. Knutson,* No. 24-cv-1077-JPS, 2026 WL 710947, at *8 (E.D. Wisc. Mar. 13, 2026) (citing *Genesis Healthcare Corp. v. Smyczyk,* 569 U.S. 66, 71 n. 2 (2013)).

The request for injunctive relief based on the alleged unconstitutional host-site policy meets both elements. Plaintiff initiated this case *pro se* by filing his Complaint in the Central District of Illinois on July 28, 2025. (Doc. 1). The case was transferred to this District in August. On September 11, 2025, counsel entered an appearance on his behalf, filed the Amended Complaint, and the Motion for Class Certification. At the time, Plaintiff was still incarcerated at Vandalia Correctional Center, and over five months had passed since the Prisoner Review Board

had entered an order indicating that he could continue his MSR in the community, contingent on his finding a host site. (Doc. 19, p. 6). Fourteen days after counsel filed the Motion for Class Certification, IDOC released him from prison onto MSR. (Doc. 43, p. 3 n. 1).

Plaintiff's request for permanent injunctive relief was live at the time of filing his Motion for Class Certification, and he had no knowledge of or control over when his request for a permanent injunction would become moot due to his release. *See Moreno v. Napolitano*, No. 11 C 5452, 2012 WL 5995820, at * (N.D. Ill. Nov. 30, 2012) (citing Olson, 594 F.3d at 582)). The "duration of his claim was at the discretion of [IDOC]," and the uncertainty regarding whether or when IDOC will release an indigent person subject to the host-site policy from prison is an unpredictable factor that makes the "inherently transitory exception applicable" in this case. *Olson,* 594 F.3d at 582, 83. *See also Jonathan R. by Dixon v. Justice,* 41 F.4th 316, 326 (4th Cir. 2022) ("courts find the exception particularly fitting when *defendants* create a significant possibility that any single named plaintiff would be dismissed prior to certification") (citations omitted). Because a proposed class member may be released for reasons that he cannot anticipate and at the discretion of IDOC, it is uncertain that any member of the class would maintain a live controversy long enough for a judge to certify a class.

As to the next element, there will be a "constant class of persons suffering the deprivation complained of in the complaint." *Olson,* 594 F.3d at 582. Assuming Plaintiff's allegations are true, the Court has little trouble concluding that there will be more individuals required to register as a Murderer or Violent Offender Against Youth who will remain incarcerated passed their sentence because they cannot secure an approved host site. Thus, the claim is likely to recur as to other members of the proposed class, and the proposed class's constitutional claims for declaratory and injunctive relief are not moot. Plaintiff has demonstrated both elements of the inherently transitory exception, and "the case is not moot for the purpose of class certification." *Olson,* 594 F.3d at 580.

Because the inherently transitory exception applies, the mootness of Plaintiff's claims for equitable relief cannot establish his inadequacy as a representative. *J.D. v. Azar,* 925 F.3d 1291, 1313 (D.C. Cir. 2019) ("the very existence of the inherently-transitory exception disproves any suggestion that the mootness of a plaintiff's claims necessarily demonstrates her inadequacy as a representative"). The "Supreme Court has specifically recognized that a plaintiff with a moot claim may serve as a class representative." *Id.* (citing *Geraghty,* 445 U.S. at 404). Besides mootness, Defendant does not put forth any other argument establishing that Plaintiff is unable to adequately protect the interests of the proposed class members. Plaintiff asserts that he has been harmed by the same host-site policy as the other members of the proposed class, and there is no evidence that Plaintiff has any antagonistic or conflicting claims with the members. The Court therefore finds that Plaintiff Darrell Casey will "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). *See also Sparger-Withers v. Taylor,* 628 F.Supp.3d 821, 832 (S.D. Ind. Sept. 14, 2022) ("Adequacy does not require that [the] claim remain live.").[3]

## III. RULE 23(B)(2) REQUIREMENTS

Plaintiff seeks to certify a class under Rule 23(b)(2), which allows for certification upon a finding that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Wal-Mart Stores, Inc.,* 564 U.S. at 360.

[3] Because the Court finds that this case remains live under the inherently transitory exception, and therefore, the mootness of Plaintiff's equitable relief claims does not render him an inadequate representative, the Court need not address Plaintiff's other argument concerning his adequacy and whether his claims fall within the capable of repetition yet evading review exception.

The class action satisfies Rule 23(b)(2). Rule 23(b)(2) is the appropriate rule "to enlist when the plaintiffs' primary goal is not monetary relief, but rather to require the defendant to do or not do something that would benefit the whole class." *Chi. Tchrs. Union,* 797 F.3d at 441. The Amended Complaint seeks a class-wide injunction prohibiting the enforcement of the host-site policy for indigent individuals required to register on the Murder and Violent Offender Against Youth Registry. (Doc. 19, p. 10). Granting a single injunction or declaratory relief would provide relief to each member of the class. Class certification under Rule 23(b)(2) is therefore appropriate, and the Motion for Class Certification is **GRANTED**. *See Parsons v. Ryan,* 754 F.3d 657, 688 (7th Cir. 2014).

## Motion to Dismiss

Defendant Director Hughes has moved to dismiss this case on the following three grounds: (1) Plaintiff has failed to plead sufficient facts to state a cause of action against her in her individual capacity based on her personal involvement; (2) Plaintiff's suit for money damages against her in her official capacity is barred by the Eleventh Amendment; and (3) Plaintiff's release from IDOC precludes him from obtaining the equitable relief he seeks. (Doc. 41). Plaintiff opposes the Motion. (Doc. 44).

### I. Legal Standard

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to

give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly,* 550 U.S. at 555. *See also Ashcroft v. Iqba*l, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs*., 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

District courts are required by the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson,* 910 F.2d at 1520. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin,* 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted).

**II. Individual Capacity Claims**

Defendant first argues that Plaintiff fails to plead facts establishing that she was personally involved in the alleged constitutional violations. (Doc. 41, pp. 3–4). She states that there are no allegations connecting her to any illegal actions, and it is not sufficient for Plaintiff to simply assert that a policy was in place that violated the Constitution. (*Id.* at p. 3). Defendant therefore concludes that Plaintiff fails to state claim for relief against her, and the individual capacity claims should be dismissed. (*Id.* at pp. 3–4).

"It is well-established that a plaintiff only may bring a § 1983 claim against those individuals personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). This means that to recover damages against a

state actor, "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As Director Hughes argues, there is no vicarious or supervisory responsibility under Section 1983, and "liability depends on each defendant's knowledge and actions, not the knowledge or actions of the persons they supervise." (Doc. 41, p. 3) (quoting *Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009). Direct participation, however, is not necessary. "A showing of personal involvement requires only 'a causal connection between (1) the sued officials and (2) the alleged misconduct.'" *Tucker v. Jeffreys,* No. 18 C 3154, 2021 WL 4439405, at *6 (N.D. Ill. Sept. 2021) (quoting *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017)). *See also Jones v. City of Chi.,* 856 F.2d 985, 992 (7th Cir. 1988) (to be personally responsible an official must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye…"). Plaintiff has met this requirement.

In the Amended Complaint, Plaintiff asserts, "IDOC's policy and practice of not releasing individuals who have completed their terms of imprisonment and been approved by the PRB for release on to MSR but who cannot obtain housing violates the Eighth and Fourteenth Amendments . . . ." (Doc. 19, p. 2). He claims that it is because of this host-site policy that he remains imprisoned and has not been released. (*Id.* at p. 7). Plaintiff alleges that Defendant, as the director, has final authority to set IDOC "policies with regard to MSR and host sites." (*Id.* at p. 3). He further asserts, based on the Northern District Court decisions in *Murphy v. Raoul,* 380 F. Supp. 3d 731 (N.D. Ill. 2019), *Barnes v. Jeffreys,* 529 F. Supp. 3d 784 (N.D. Ill. 2021), and *Stone v. Jeffreys,* No. 21-cv-5616, 2022 WL 4596379 (N.D. Ill. Aug. 30, 2022):

> Hughes knows or should know that it violates the constitution to imprison people beyond the time they are sentenced to serve solely because they are unable to obtain housing. Nonetheless, the IDOC still maintains a policy of refusing to release from custody individuals who cannot obtain their own host sites when halfway house placements are unavailable.

(Doc. 19, p. 5). These allegations are sufficient to plausibly infer personal involvement on the part

of Defendant.

As Plaintiff points out, this is the fourth class action lawsuit filed in this Circuit "directed toward IDOC host-site policies for individuals that remain imprisoned beyond the completion of their sentence of incarceration." *Stone*, 2022 WL 4596379, at *1 (citing to *Murphy v. Raul* and *Barnes v. Jeffreys*). In *Murphy,* the class of plaintiffs challenged the constitutionality of the host-site requirement as applied to individuals with sex offense convictions who had completed their terms of imprisonment and were sentenced to an indeterminate term of MSR, a range of "three years to life." *Murphy,* 380 F. Supp. at 738. The Northern District Court observed that because the "clock on these [MSR] terms does not start ticking until sex offenders are out of prison" and the "State demands that they first secure a qualifying host site before it will release them," many of the offenders "successfully complete their entire court-ordered terms of incarceration yet remain detained indefinitely because they are unable [to] find a residence due to indigence and lack of support." *Id.* 737–38. The court framed the issue as "whether the state unconstitutionally deprived the plaintiffs of their liberty by keeping them in prison, instead of supervising them on release, because they are indigent and homeless." The plaintiffs' motion for summary judgment was granted, and the court found that because IDOC's "application of the host-site requirement permits the indefinite detention of the plaintiffs" and discriminates against the plaintiffs based on poverty, the requirement violated the Equal Protection Clause and the Eighth Amendment. *Id.* at 755, 766. According to Plaintiff, pursuant to the permanent injunction in *Murphy*:

> [IDOC] created a transitional housing program called the Intensive Community Reintegration Program ("ICRP") for person with sex offense convictions so that members of the class would not be detained in prison beyond the completion of their court-ordered sentences of imprisonment due to an inability to meet the host site requirement.

(Doc. 19, p. 4).

Next, in *Barnes,* the plaintiffs challenged the constitutionality of an Illinois statute that

precluded a sex offender from living at the same address or within the same apartment complex as another sex offender. *Barnes,* 259 F. Supp. 3d at 788 (citing 730 ILCS 5/3-3-7(a)(7.6)). This "One-per-Address" statute was a mandatory condition to be released on MSR. *Id.* at 789. The class of plaintiffs was broader than the class identified in *Murphy* and included those with determinate and indeterminate sentences of MSR. Again, the Northern District Court granted the plaintiffs' motion for summary judgment finding that the statute operated "to keep indigent and homeless sex offenders incarcerated beyond their term of imprisonment," in violation of the Eighth Amendment and the Equal Protection Clause. *Id.* at 795, 799.

And finally, in *Stone,* the plaintiffs again contested the constitutionality of the host-site requirement as applied to individuals with sex offense convictions. The class in *Stone* differed from the class in *Murphy* in that the individuals had determinate terms of MSR, rather than indeterminate MSR sentences. The Northern District Court issued preliminary injunctive relief enjoining the host-site policy. *Stone,* 2022 WL 4596379. The court found that the plaintiffs had some "likelihood of success on the same claims the *Murphy* class [had] already succeeded on." *Stone,* 2022 WL 459679, at *3. IDOC expanded the ICRP program to accommodate persons with determinate MSR sentences, and the case settled. *Stone,* No. 21-cv-05616, Doc. 145 (N.D. Ill. Aug. 16, 2024).

According to Plaintiff, Defendant has the final authority to set IDOC policies with regard to MSR and host sites. And based on the three class action lawsuits discussed above, Defendant knew or should have known of the constitutional issues of implementing a policy or practice of refusing to release from incarceration individuals who have served their sentence but are unable to secure an approved site because of homelessness or indigency. *See Randle v. Baldwin,* No. 16-cv-1191-NJR, 2020 WL 1550638, at *4 (S.D. Ill. Apr. 2020) ("[a]n official may be found to have been put on notice, however, by contemporaneous proceedings that allege similar constitutional

violations" (citing *Turley v. Rednour,* 729 F.3d 645, 653 (7th Cir. 2013))). The "Seventh Circuit has found that officials 'responsible' for an unconstitutional policy are 'answerable' for it under §1983." *Tucker v. Jeffreys,* No. 18 C 3154, 2021 WL 4439405, at * (N.D. Ill. Sept. 28, 2021) (citing *Harris v. Greer,* 750 F.2d 617, 618 (7th Cir. 1984)). *See also Smith v. Dart,* 803 F.3d 304, 309 n. 2 (7 Cir. 2015) ("the personal involvement of senior jail officials…can be inferred at the motion to dismiss stage, where, as here, the plaintiff alleges 'potentially systemic,' as opposed to 'clearly localized,' constitutional violations"). Thus, the facts alleged are sufficient to establish plausible personal involvement on the part of Defendant at the pleading stage. The individual capacity claims against Defendant will not be dismissed.

**III. Mootness of Injunctive Relief**

Defendant next argues that because Plaintiff has been released from IDOC custody, his requests for equitable relief are moot and should be dismissed. (Doc. 41, pp. 4–5). Plaintiff disputes this contention and asserts that his claim for equitable relief is not moot under the inherently transitory and capable of repetition exceptions to the mootness doctrine. (Doc. 44, pp. 9–11).

Although the Court found that the proposed class's claims for injunctive and declaratory relief are not moot under the inherently transitory exception, this exception cannot save Plaintiff's personal claims for equitable relief. As explained by the Sixth Circuit, the inherently transitory doctrine "is simply a strain of the capable-of-repetition doctrine as it is applied to a class-action claim." *Patton v. Fitzhugh*, 131 F.4th 383, 394 (6th Cir. 2025). The exception allows a plaintiff "asserting a class-action claim . . . to pursue claims on behalf of the class even though the named-plaintiff's claims were moot." *Id.* at 393 (citing *Gerstein v. Puch*, 420 U.S. 103, 110 n. 11 (1975); *Sosna v. Iowa,* 419 U.S. 393, 399-401 (1975)). The exception recognizes that the "controversy is no longer live as to the [plaintiff but] it remains very much alive for the class of persons [he] has been certified to represent." *Id.* at 394 (quoting *Sosna,* 419 U.S. at 400-01). Thus, the purpose of

the inherently transitory exception is to keep the class "claim alive beyond [the] individual claim to certify the class." *Olson,* 594 F.3d at 583. The Court, therefore, finds that the inherently transitory exception cannot be invoked to keep Plaintiff's personal claims for equitable relief alive.

As for the second exception to mootness argued by Plaintiff, the capable of repetition, yet evading review exception applies only in "exceptional situations," *Spencer v. Kemna,* 523 U.S. 1, 17 (1998), when the plaintiff can show that "the claim is capable of repetition as to *the named plaintiff*," *Olson,* 594 F.3d at 583 (emphasis added). Two conditions must be met: "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *United States v. Sanchez-Gomez,* 584 U.S. 381, 391 (2018) (citations omitted).

Plaintiff argues that there is a reasonable expectation that he will be again subject to the challenged host-site policy, and his risk of reincarceration is not speculative. (Doc. 44, p. 10). He points out that he has already been returned to custody once while on MSR solely because he lost his host site, and IDOC statistics show that in fiscal year 2025, technical violators of MSR account for 11 percent of admissions to IDOC, totaling 1,678 admissions.

The Court disagrees that these facts establish a reasonable expectation of reoccurrence as to Plaintiff. The Supreme Court has "consistently refused to conclude that the case-or-controversy requirement is satisfied by the possibility that a party will be prosecuted for violating valid criminal laws." *Sanchez-Gomez,* 584 U.S. at 391 (citations omitted). Although 11 percent of those in IDOC custody are there because of MSR violations, MSR violations are not exclusively host site related. Plaintiff does not argue or present any evidence that due to his financial situation he will be unable to sustain an approved host site until the completion of his MSR in December, and the Court assumes that he will conduct himself "within the law and so avoid" other MSR violations that are not at issue in this case. *Id. See also Lane v. Williams,* 455 U.S. 624, 632–33, n.13 (1982)

(concluding that case was moot where the challenged parole revocation could not "affect a subsequent parole determination unless respondents again violate state law, are returned to prison, and become eligible for parole"). Because Plaintiff does not demonstrate a reasonable likelihood that he will again be rearrested and remain imprisoned because he is unable to secure an approved host site at which to live while on MSR, his individual claims for equitable relief must be dismissed as moot. *See Kress v. CCA of Tenn., LLC,* 272 F.R.D. 222, 228 (S.D. Ind. Dec. 1, 2010) (noting that while the "Plaintiffs' claims are not moot for purposes of serving as class representatives, release from Jail II renders Plaintiffs' individual claims moot" (citing *Koger v. Bryan,* 523 F.3d 789, 804 (7th Cir. 2008))).

**IV. Official Capacity Claims for Money Damages**

Plaintiff does not oppose Defendant's argument that monetary damages against her in her official capacity are barred by the Eleventh Amendment. (Doc.41, p. 4; Doc. 44, p. 7). Plaintiff states that he seeks damages against Defendant only in her individual capacity. (*Id.*). The Court grants the Motion to Dismiss to the extent the Amended Complaint asserts a claim for monetary damages against Defendant in her official capacity. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages).

**DISPOSITION**

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Class Certification (Doc. 20) and **CERTIFIES** a class defined as, "**All individuals currently or in the future detained in the Illinois Department of Corrections who are required to register on the Murderer or Violent Offender Against Youth Registry who have completed their sentences of incarceration and are entitled to release from prison on to Mandatory Supervised Release (MSR) but remain imprisoned because they are unable to secure an approved host site at**

**which to live while on MSR.**"

The Motion to Dismiss filed by Defendant is **GRANTED in part** and **DENIED in part**. (Doc. 41). Plaintiff's personal request for equitable relief is **DISMISSED**, and any request for monetary damages against Defendant in her official capacity is **DISMISSED**.

**IT IS SO ORDERED.**

**DATED: September 1, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**